FILED
United States Court of Appeals
Tenth Circuit

August 12, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VINCENTE FRANCISCO
RODRIGUEZ-ROSALES,

Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,[*]

Respondent.

No. 14-9579
(Petition for Review)

**ORDER AND JUDGMENT**[**]

Before **KELLY**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Vincente Francisco Rodriguez-Rosales, a native and citizen of El Salvador,

petitions for review of the decision of the Board of Immigration Appeals (BIA)

affirming the immigration judge's (IJ) denial of his applications for asylum,

---

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Loretta E. Lynch is substituted for Eric H. Holder, Jr., as the respondent in this action.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

restriction on removal, and relief under the Convention Against Torture (CAT). Mr. Rodriguez-Rosales raises several arguments, but this court has jurisdiction to consider only one of them. And besides being conclusory, that one is incorrect. The petition for review therefore is dismissed in part and denied in part.

Mr. Rodriguez-Rosales came to the United States in 2005 after being harassed and threatened by gangs in El Salvador. After he was put into immigration proceedings, he sought asylum, restriction on removal, and CAT relief. Only his claim for restriction on removal is relevant in this proceeding. That claim was based on membership in a particular social group, which his counsel identified as "[men] who [are] being threatened with violence by gang members in El Salvador." Admin. R. at 82. The IJ held that this proposed social group did not qualify for relief, *id.* at 42-43, and the BIA agreed, stating: "the group is not marked by a common, immutable characteristic, sufficiently particular, or socially distinct in Salvadoran society. The group is also defined in a circular fashion, its chief component being the harm inflicted on its members," *id.* at 3-4.

Before this court, Mr. Rodriguez-Rosales has new counsel. He asserts that his former counsel was ineffective, and that counsel should have identified the appropriate social group as "men in El Salvador who are targeted by gangs because of the belief that they are spies or informants for rival gangs." Pet. Br. at 14. He further asserts that this "group formulation complies with the requirements of the [BIA]." *Id.* The government responds that Mr. Rodriguez-Rosales never presented

- 2 -

these arguments to the BIA in the proceeding under review,[1] and therefore this court lacks jurisdiction to consider them. Mr. Rodriguez-Rosales did not file a reply.

Because aliens must exhaust their administrative remedies, *see* 8 U.S.C. § 1252(d)(1), this court "generally assert[s] jurisdiction only over those arguments that a petitioner properly presents to the BIA," *Sidabutar v. Gonzales*, 503 F.3d 1116, 1118 (10th Cir. 2007). Mr. Rodriguez-Rosales did not make his arguments regarding counsel's performance and the correct social-group formulation to the BIA in the proceeding under review, and he has identified no reason why this court should not apply the general rule. Accordingly, we lack jurisdiction to consider these arguments, and we dismiss the petition for review as to them.

The final sentence of the opening brief's argument section does appear to be directed toward the BIA's decision on the issues actually presented to it: "neither the Immigration Judge nor the [BIA] even mentioned the existence of a social group, let alone offered an adequate legal analysis of the claimed group." Pet. Br. at 14. This assertion is incorrect, because both the IJ and the BIA did identify and discuss the then-proposed social group. But even if the assertion were correct, such a conclusory statement does not warrant further attention. "We have previously declined to make

---

[1] The government informs the court that Mr. Rodriguez-Rosales timely moved the BIA to reopen his case due to his former counsel's ineffective assistance, and that the BIA denied the motion to reopen on December 24, 2014. But he did not file a petition for review of that decision. Therefore, the denial of the motion to reopen is not subject to review by this court. *See Desta v. Ashcroft*, 329 F.3d 1179, 1183 (10th Cir. 2003) (stating that petitioners' failure to file a petition for review of the denial of a motion to reconsider precludes the court from reviewing the merits of that motion).

arguments for [the petitioner] that [he] did not make in [his] briefs, and decline to do so here as well." *Herrera-Castillo v. Holder*, 573 F.3d 1004, 1010 (10th Cir. 2009) (brackets, citation, and internal quotation marks omitted).

The petition for review is dismissed in part and denied in part.

Entered for the Court


Bobby R. Baldock
Circuit Judge